UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Anthony L. Davis,)
)
    Plaintiff,)    Case: 1:17-cv-01093   Jury Demand
)    Assigned To : Unassigned
v.)    Assign. Date : 6/8/2017
)    Description: Pro Se Gen. Civil   (F Deck)
Michael D. Brittin,)
)
    Defendant.)

## MEMORANDUM OPINION

Plaintiff, a District of Columbia prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The complaint's allegations are sketchy, but plaintiff has filed suit against the assistant United States attorney who prosecuted him in June 1995. He alleges, among other wrongs, that defendant "severely prejudice[d] Plaintiff of a fair trial guaranteed by our U.S. Constitution" when he allegedly deceived the trial judge about statements the government was required to disclose under the Jencks Act with regard to its witness who gave an eyewitness account of the crime at plaintiff's trial.[1] *See* Compl. at 3. Plaintiff contends that he was deprived of his "right to properly cross-examine the government[']s only uninvolved witness." *Id.* He seeks

---

[1] "The Jencks Act requires production at trial of any 'statement' by a witness, which it defines, in pertinent part, as 'a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement[.]' " *Moore v. United States*, 657 A.2d 1148, 1151 (D.C. 1995) (quoting 18 U.S.C. § 3500(e)(2)).

1

declaratory and injunctive relief and monetary damages "for the loss of any earnings over the course of this time of 23 years of incarceration, and counting." *Id.* at 10.

Prosecutors enjoy absolute immunity from lawsuits for damages arising from their "initiating a prosecution and . . . presenting the State's case[.]" *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Defendant is protected here because the complaint is based on his alleged conduct during the presentation of the State's case, inasmuch as the government's obligation to produce Jencks Act statements is not triggered "until [its] witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a).

As for plaintiff's claims for equitable relief, "it is well-settled that a prisoner seeking relief from his conviction or sentence may not bring . . . an action" for declaratory or injunctive relief because he has an adequate remedy under the habeas corpus statutes. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman–Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988) (en banc)); *accord LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

/s/ Timothy Clark

United States District Judge

Date: May 30, 2017